**Ex parte John E. CHOICE.**

**No. 70671.**

Court of Criminal Appeals of Texas, En Banc.

May 10, 1989.

John E. Choice, pro se.

David Brabham, Dist. Atty., William K. Gleason, Asst. Dist. Atty., Longview, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Applicant filed in the convicting court a pleading entitled "Motion for Remand" which it and we accepted as a postconviction petition for habeas corpus relief pursuant to Article 11.07, V.C.A.C.C.. Essentially his claim is that in the punishment phase the trial court erroneously submitted to the jury an improper instruction on the parole law mandated by Article 37.07, § 4, V.A.C. C.P. See *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1987, 1988).

More particularly, applicant contends the jury assessed his punishment at confinement for life "by a criminal procedure which is *null and void, in part,*" and thus he "has not had a *fair and impartial trial;*" he requests that judgment of the trial court be "reversed." Petition, at 9.

We ordered his petition filed and set contemporaneously with like petitions by applicants similarly situated, to determine whether such a claim may be raised and pursued in a postconviction habeas corpus proceeding pursuant to Article 11.07. Regardless of a prior direct appeal presenting a point of error challenging validity of the sentence and concomitantly the judgment of conviction, for reasons set forth in *Ex parte Truong,* 770 S.W.2d 810 (Tex.Cr.App. delivered this day), we have concluded that

his "*Rose* claim" is not cognizable in a postconviction habeas corpus proceeding under Article 11.07. *Id.,* at —— (Slip opinion at 1 and 8).

Accordingly, the petition for relief on habeas corpus is ordered dismissed.

TEAGUE, J., dissents for the reason stated in the dissenting opinion that he filed in *Ex parte Truong,* 770 S.W.2d 810 (Tex.Cr.App. delivered this date).